UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| **GARY NEAL SADLER**<br>    - Plaintiff | :<br>:<br>: |
| v. | :     Civil Case No. 3:07-cv-1316(CFD) |
| **THERESA LANTZ, ET AL.**<br>    - Defendants | :<br>:<br>: |

**RULING ON PENDING MOTIONS**

Pending before the court are defendants' motions to defer filing an answer to the amended complaint and for extension of time, as well as plaintiff's motions for appointment of *pro bono* counsel, for stay, and to conduct additional discovery. For the reasons set forth below, the motions are **DENIED**.

**I.  Motion for Appointment of Counsel [Doc. No. 149]**

Plaintiff seeks the appointment of *pro bono* counsel. The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991).

Plaintiff does not indicate that he has made even one attempt made to find an attorney or legal services organization willing to represent him in this case. Plaintiff asserts that he has not contacted the Inmates' Legal Assistance Program because the attorneys who work for the Inmates' Legal Assistance require copies of all

documents filed in a case before they will determine whether they can assist an inmate. The plaintiff fails to attach any letters from attorneys at Inmates' Legal Assistance documenting this requirement. The possibility that the plaintiff may be able to secure counsel or legal assistance independently precludes appointment of counsel by the court at this time.

The motion for appointment of counsel is denied without prejudice. Any renewal of this motion shall be accompanied by a summary of the plaintiff's attempts to secure legal assistance and the reasons why assistance was unavailable.

**II. Motion to Stay Proceedings [Doc. No. 141]**

In support of the motion for stay, plaintiff states that in December 2009, he became aware that blood tests done in June 2009 revealed some abnormalities that were related to his gastrointestinal condition. He contends that medical officials had initially informed him that the June 2009 tests showed no abnormalities. Plaintiff states that he then decided to review the results of blood tests performed in May and August 2007, but that those reports were missing from his files. He surmises that the results of the blood tests from May and August 2007 might also indicate some abnormal results. He seeks to stay the case with regard to the allegations in claim one of the amended complaint as a result of newly discovered or missing evidence pertaining to his gastrointestinal disease.

Plaintiff's amended complaint is dated September 8, 2008 and includes allegations relating to plaintiff's gastrointestinal

2

symptoms and treatment prior to that date. To the extent that plaintiff seeks to stay the case to enable him to move for leave to amend the complaint to add allegations regarding the June 2009 blood tests results, the request is denied. Underlying Rule 15(a) is an assumption that the amended or supplemental complaint will clarify or amplify the original cause of action rather than incorporate additional causes of action. See Klos v. Haskell, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993), aff'd, 48 F.3d 81 (2d Cir. 1995). In determining whether to grant leave to amend, the court considers such factors as undue delay, bad faith, dilatory motive, undue prejudice and futility of the amendment. See Forman v. Davis, 371 U.S. 178, 182 (1962). See Barrows v. Forest Laboratories, Inc., 742 F.2d 54, 58 (2d Cir. 1984) (undue delay, bad faith and prejudice to opposing party are "touchstones" of court's discretion to deny leave to amend).

The court concludes that the addition of claims relating to the June 2009 blood tests would unnecessarily delay the litigation of this action and also prejudice the defendant. See Forman, 371 U.S. at 182. Justice does not require that the plaintiff be permitted to file an amended complaint to add new claims at this stage of the litigation.

With regard to the results of the blood tests performed in May and August 2007, plaintiff's assertion that the results might be abnormal is speculative. Because the plaintiff has set forth no basis for staying this action with regard to the results of the May

3

and August 2007 blood tests, the motion is denied.

**III. Motion to Conduct Additional Discovery [Doc. No. 169]**

Plaintiff asserts that he has received and reviewed copies of the results of the blood tests performed in May and August 2007. He contends that the results indicate that he was anemic at the time the tests were performed. He seeks additional time to conduct discovery to determine the significance of anemia in patients with gastrointestinal complications. It is evident from the court file that plaintiff became aware of these lab results in December 2009. (*See* Pl.'s Reply Defs.'s Response Mot. Leave Stay, Doc. No. 164.) Plaintiff does not explain why he waited until July 2010, to file a motion to conduct further discovery regarding these lab results. Thus, the request is untimely. Furthermore, plaintiff concedes that the allegations in his amended complaint relate to his gastrointestinal symptoms and the defendants' deliberate indifference to these symptoms, including a failure to properly diagnose and treat the symptoms. Any medical evidence that might support plaintiff's claims of deliberate indifference to his gastrointestinal disease may be submitted by plaintiff in opposition to a motion for summary judgment filed by defendants or at trial. Accordingly, the motion to conduct additional discovery with regard to the May and June 2007 blood tests is denied.

**IV. Motion for Extension of Time to Respond to Plaintiff's Motion for Appointment of Counsel [Doc. No. 173]**

This motion represents the defendants' seventh request for

additional time to respond to the plaintiff's motion for appointment of counsel. Judge Droney granted each of the previous six motions. See Docs. Nos. 153, 157, 160, 165, and 172. However, the undersigned has denied, *supra*, the plaintiff's motion for appointment of counsel without prejudice. Thus, the defendants' motion is denied as moot.

**V. Motion to Defer Filing an Answer to the Amended Complaint [Doc. No. 125]**

On June 25, 2009, the court granted plaintiff's motion to amend the complaint to add Drs. James Smyth, Syed Naqvi, Mark Buchanan, Ricardo Ruiz and Monica Farinella as defendants and denied the motion to amend to re-assert an access to courts claim against defendants Theresa Lantz, Susan O'Storey, Adele Patterson and Preston Tisdale and dismissed all allegations set forth in claim three of the amended complaint against them pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). On September 16, 2009, the court granted in part and denied in part a motion to dismiss the amended complaint filed by defendants Silvis, Smyth, Naqvi, Buchanan, Ruiz, Farinella, Murphy, Stolfi and Furey. The court also dismissed the allegations in claim four as to defendant Lantz pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, no claims remain pending as to defendant Lantz. The following allegations in claims one, two and four of the amended complaint against defendants Silvis, Smyth, Naqvi, Buchanan, Ruiz, Farinella, Furey, Murphy and Stolfi remain: (1) allegations regarding the treatment of the injury to plaintiff's finger occurring after June 14, 2006 and the cause, diagnosis and treatment of plaintiff's acid reflux condition set forth in claim one; (2) the allegations

regarding plaintiff's vision problem set forth in claim two; and (3) the allegations regarding the application of Administrative Directive 10.7F to plaintiff's May 2007 incoming correspondence set forth in claim four.

On October 7, 2009, the court granted defendants' motion for extension of time until October 14, 2009, to respond to the amended complaint. Instead of filing an answer to the amended complaint, defendants now seek permission to defer filing an answer to the amended complaint until after they have filed their motions for summary judgment and the court has ruled on those motions. The defendants claim that the court has not issued an order directing them to respond to the amended complaint and that pursuant to 42 U.S.C. § 1997e(g)(1), they may waive their right to file an answer to the amended complaint. Defendants also contend that it will be unduly time-consuming to file an answer to the amended complaint and will delay their filing of motions for summary judgment. The plaintiff objects to the motion.

The motion to defer filing an answer to the amended complaint is denied. Pursuant to 42 U.S.C. § 1997e(g)(2), defendants are directed to file an answer to the amended complaint within thirty days of the date of this order. Motions for summary judgment shall be filed within sixty days of the date of this order.

## Conclusion

Plaintiff's Motion for Appointment of Counsel [**Doc. No. 149**] is **DENIED** without prejudice. Plaintiff's Motions to Stay Proceedings

**[Doc. No. 141]** and to Conduct Additional Discovery [**Doc. No. 169**] and Defendants' Motions to Defer Filing an Answer to the Amended Complaint [**Doc. No. 125**] and for Extension of Time [**Doc. No. 173**] are **DENIED**.

Pursuant to 42 U.S.C. § 1997e(g)(2), defendants are directed to file an answer to the amended complaint within thirty days of the date of this order. Motions for summary judgment shall be filed within sixty days of the date of this order.

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut, this 19th day of August, 2010.**

**/s/ Thomas P. Smith**
**Thomas P. Smith**
**United States Magistrate Judge**