UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GARY NEAL SADLER       :
                       :  CIVIL ACTION NO.
        v.             :  3:07-cv-1316(CFD)
                       :
THERESA LANTZ, ET AL.  :

## RULING ON PENDING MOTIONS

On February 20, 2009, defendants Silvis, Smyth, Naqvi, Buchanan, Ruiz, Farinella, Murphy, Stolfi and Furey moved to dismiss allegations in the amended complaint regarding plaintiff's gastrointestinal condition, injury to his finger, vision problem and the improper rejection of social correspondence addressed to plaintiff set forth in claims one, two and four of the amended complaint. On September 16, 2009, the court denied in part and granted in part the motion to dismiss.

The court granted the motion to dismiss as to the claims challenging the medical care plaintiff received for his finger injury through June 14, 2006, the negligence and malpractice claims and the claim that defendants Lantz, Murphy and Stolfie improperly adopted Administrative Directive 10.7. The court denied the motion to dismiss as to the claim that the pain medications prescribed to plaintiff for the injury to his finger may have caused or contributed to his acid reflux condition, the claims against defendants Smyth, Naqvi, Ruiz, Buchanan, Farinella, Lantz, O'Storey, Patterson and Tisdale on the ground of insufficient service of process and the claims against defendant Furey on the ground of lack of personal involvement, denied the motion to dismiss without prejudice on the ground that the statute of limitations barred the claims regarding plaintiff's vision and acid reflux conditions and denied the motion to dismiss as moot as to the claims of denial of access to the courts and on the ground that legislative immunity barred the claim that

defendants improperly adopted Administrative Directive 10.7.  The court also dismissed the allegations in claim four as to defendant Lantz pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Pending before the court is plaintiff's motion for summary judgment and the defendants' motion for reconsideration of the part of the court's ruling denying the motion to dismiss on collateral estoppel grounds as to the claim that the medications used to treat plaintiff's finger injury may have caused or contributed to his acid reflux condition.  For the reasons set forth below, plaintiff's motion is denied and defendants' motion is granted in part and denied in part.

I. **Motion for Summary Judgment [Dkt. #114]**

Plaintiff moves for summary judgment as to the allegations in claims one against defendant Silvis.  Plaintiff contends that there no genuine issues of material fact and that he is entitled to judgment as a matter of law on the claim that defendant Silvis was deliberately indifferent to his acid reflux disease.

Rule 56(a), D. Conn. L. Civ. R., requires that a motion for summary judgment be accompanied by "a document entitled 'Local Rule 56(a)1 Statement,' which sets forth in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried."  Rule 56(a)3 requires that each statement in the Rule 56(a)1 Statement "must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial.  The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served" with the Local Rule 56(a)1

Statement. This specific citation requirement applies to pro se litigants as well as to attorneys.

Plaintiff has not complied with this requirement. He concedes that he has not filed a Local Rule 56(a)1 statement in support of his motion. Thus, his motion for summary judgment is denied without prejudice for failure to comply with court rules.

## II. **Motion for Reconsideration [Dkt. #118]**

Defendants' seek reconsideration of the court's ruling denying in part and granting in part their motion to dismiss. Specifically, defendants contend that the court relied on the wrong standard in determining that collateral estoppel did not bar the claim that the pain medications used to treat the injury to plaintiff's finger contributed to or caused plaintiff's acid reflux condition.

The standard for granting a motion for reconsideration is strict. *See Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.*

Defendants argue that the court incorrectly relied on federal collateral estoppel law instead of the law of Connecticut in determining whether the decision in plaintiff's Connecticut habeas petition precluded the claim in the amended complaint that the pain medications used to treat the injury to plaintiff's finger contributed to or caused plaintiff's acid reflux condition. In setting forth the standard applicable to defendants' collateral estoppel argument, the court cited *Epperson v. Entm't Express*, 242 F.3d 100 (2d Cir. 2001). The defendants are correct that a district court must apply the preclusion law of

3

the rendering state when determining the preclusive effect of a state court judgment. *See Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir.1996). In *Epperson*, the Second Circuit applied federal collateral estoppel law. *See Id.* at 108.

Because the defendants argued that the decision in the plaintiff's Connecticut habeas petition precluded the assertion of certain medical claims in this action, Connecticut's principle of collateral estoppel is applicable. Accordingly, the motion for reconsideration is granted to the extent that the court incorrectly applied federal collateral estoppel law to the claim that the pain medications used to treat the injury to plaintiff's finger contributed or caused plaintiff's acid reflux condition.

The court concludes, however, that Connecticut's collateral estoppel law is very similar to federal estoppel law. Under Connecticut law, to be subject to collateral estoppel, an issue must have been: (1) "fully and fairly litigated," (2) "actually decided," and (3) "necessary to the judgment" in the first action, *Virgo v. Lyons*, 209 Conn. 497, 501, 551 A.2d 1243, 1245 (1988) (internal quotation marks and citations omitted), and (4) "identical" to the issue to be decided in the second action. *State v. Joyner*, 255 Conn. 477, 490, 774 A.2d 927, 935 (2001).[1] The Connecticut Supreme Court has held that an issue has been fully and fairly litigated if the party against whom collateral estoppel is asserted had a "full and fair opportunity" to litigate that issue in the prior proceeding. *Aetna Cas. & Sur. Co. v. Jones*, 220 Conn. 285, 306, 596 A.2d 414, 425-26 (1991). "An issue is actually litigated if

---

[1] In determining whether an issue decided in a prior federal case precludes a claim raised in a subsequent federal case, the Second Circuit applies the following standard. Collateral estoppel is applicable when "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *United States v. Hussein*, 178 F.3d 125, 129 (2d Cir. 1999) (internal quotation marks and citation omitted)).

it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined." *Joyner*, 255 Conn. at 490, 774 A.2d 927 (internal quotation marks and citations omitted). "An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered." *Id.* (internal quotation marks and citation omitted). Thus, to successfully assert the doctrine of collateral estoppel, "a party must establish that the issue sought to be foreclosed actually was litigated and determined in the prior action between the parties or their privies, and that the determination was essential to the decision in the prior case." *Dowling v. Finley Associates, Inc.*, 248 Conn. 364, 373-74, 727 A.2d 1245 (1999) (internal quotation marks and citation omitted.)

In ruling on the motion to dismiss, the court concluded that the claim that the pain medications used to treat the injury to plaintiff's finger contributed or caused plaintiff's acid reflux condition was not actually litigated in the plaintiff's Connecticut habeas petition. The decision denying the plaintiff's Connecticut habeas petition supports this conclusion. (*See* Mem. Support Mot. Dismiss, Ex. E.) A review of the amended habeas petition filed by plaintiff in the state proceeding on December 2, 2004, reveals claims that a physician at MacDougall had failed to provide him with pain medication after he injured his finger and that the University of Connecticut Health Center's Utilization Review Committee had refused to approve an orthopaedic consultation or any other treatment to correct the injury to his finger. (*See* Mem. Support Mot. Dismiss, Ex. D.) The transcript of the decision denying the habeas petition reflects that plaintiff stated that he thought surgery was necessary to alleviate the pain and restricted movement of his finger. The state judge considered the medical evidence and testimony and determined that surgery to correct the

5

injury to the plaintiff's finger was not indicated and that the conservative course of treatment recommended by Dr. Silvis, consisting of range of motion exercises, had been appropriate. Based on these findings, the judge concluded that Department of Correction medical officials had not been deliberately indifferent to the injury to plaintiff's finger. Thus, it is apparent that the issue of whether pain medications prescribed for the injury to plaintiff's finger might have contributed to or caused plaintiff's acid reflux condition was not litigated, decided or necessarily determined in the state habeas proceeding.

Accordingly, the court affirms the denial of the motion to dismiss as to the claim that the pain medications used to treat the injury to plaintiff's finger contributed or caused plaintiff's acid reflux condition on the ground that the claim had not actually been litigated in the state habeas petition and was not barred by the doctrine of collateral estoppel. The motion for reconsideration is granted to the extent that in denying in part the motion to dismiss, the court incorrectly applied federal collateral estoppel law to the claim that the pain medications used to treat the injury to plaintiff's finger contributed or caused plaintiff's acid reflux condition, but is denied in all other respects.

## Conclusion

Plaintiff's Motion for Summary Judgment [**Dkt. #114**] is **DENIED** without prejudice. The Motion for Reconsideration [**Dkt. #118**] is **GRANTED** to the extent that in denying in part the motion to dismiss, the court incorrectly applied federal collateral estoppel law to the claim that the pain medications used to treat the injury to plaintiff's finger contributed or caused plaintiff's acid reflux condition, but is **DENIED** in all other respects. The Ruling [**Dkt. #116**] denying the motion to dismiss as to claim that the pain medications used to treat the injury to plaintiff's finger contributed or caused plaintiff's acid reflux condition on

the ground that the claim had not actually been litigated in the state habeas petition and was not barred by the doctrine of collateral estoppel is **AFFIRMED**.

**SO ORDERED.**

Dated this 20th day of August, 2010, at Hartford, Connecticut.

/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge