**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

**GARY NEAL SADLER**

    **v.**                         **CIVIL NO. 3:07-cv-1316(CFD)(TPS)**

**THERESA LANTZ, ET AL.**

## RULING ON PENDING MOTION

On August 19, 2010, the court issued a ruling denying plaintiff's motion for appointment of counsel without prejudice and denying plaintiff's motions to stay proceedings and to conduct additional discovery and defendants' motions to defer filing an answer to the amended complaint and for extension of time to respond to plaintiff's motion for counsel. (See doc. #174.) Defendants seek reconsideration or, in the alternative, modification of this ruling.

The standard for granting a motion for reconsideration is strict. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id.

Counsel for the defendants contends that the court incorrectly indicated that the claims against Dr. James Smyth in count two of the amended complaint remain pending. Counsel argues that the claims in count two were not pending at the time the court issued its August 19, 2010, ruling on pending motions because plaintiff had moved to

voluntarily dismiss the claims in count two of the amended complaint on July 21, 2010.

Although counsel is correct that plaintiff had moved to withdraw count two of the amended complaint prior to August 19, 2010, counsel neglects to mention that on August 10, 2010, the court granted his motion for an extension of time until September 10, 2010 to respond to the motion to withdraw. Thus, at the time the court issued its August 19, 2010, the motion to withdraw remained pending, awaiting counsel's response. Accordingly, the court did not err in stating that the claims in count two of the amended complaint remained pending.

Counsel for the defendants also asks the court to reconsider or modify its scheduling order permitting the parties to file motions for summary judgment within sixty days of the ruling. Counsel states that at the time of the ruling, plaintiff had already moved for summary judgment. Counsel concedes, however, that on August 20, 2010, the court denied plaintiff's motion for summary judgment without prejudice for failure to comply with D. Conn. L. Civ. R. 56(a)(1). Counsel contends that it would be unfair to permit plaintiff to file another motion for summary judgment because of the considerable time and effort he spent in drafting a response to plaintiff's first motion for summary judgment. Counsel has failed to point to any facts or law the court overlooked in issuing the scheduling order as part of its August 19, 2010 ruling.

Furthermore, the court fails to see how counsel for the

defendants will be prejudiced by permitting plaintiff to file a new motion for summary judgment. Any response prepared by counsel to plaintiff's first motion for summary judgment could be used in support of defendants' own motion for summary judgment or in opposition to any new motion for summary judgment plaintiff might file in the future. Accordingly, the motion for reconsideration or, in the alternative, modification of the court's August 19, 2010, ruling on pending motions is GRANTED to the extent it seeks reconsideration and DENIED to the extent that it seeks modification. After careful reconsideration, the court affirms the prior ruling.

## Conclusion

Defendant's motion for reconsideration or, in the alternative, modification [doc. #179] of the court's August 19, 2010, ruling on pending motions [doc. #174] is **GRANTED** to the extent that it seeks reconsideration and **DENIED** to the extent that it seeks modification. After careful reconsideration, the August 19, 2010 Ruling on Pending Motions [doc. #174] is **AFFIRMED.**

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut, this 10th day of November, 2010.**

                                             **/s/ Thomas P. Smith**
                                             **Thomas P. Smith**
                                             **United States Magistrate Judge**