UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY NEAL SADLER | : |
| | : |
| v. | : Case No. 3:07-cv-1316(CFD) |
| | : |
| THERESA LANTZ, ET AL. | : |

**RULING ON PENDING MOTIONS**

Plaintiff seeks to strike a portion of defendants' third affirmative defense included in their answer to the amended complaint. The plaintiff also seeks to strike the amended answer to the amended complaint. For the reasons set forth below, both motions are denied.

The defendants have filed both an answer and amended answer to the amended complaint. The plaintiff objects to the amended answer as having been filed without permission and in an untimely manner.

The defendants filed their answer to the amended complaint on September 20, 2010. The defendants filed their amended answer to the amended complaint on October 12, 2010. A party need not seek permission of the court to file an amended answer, if the amended answer is filed within twenty-one days after serving the answer. *See* Rule 15(a)(1)(A). Because October 11, 2010, was a holiday, it did not count toward the twenty-one day period. *See* Rule 6, Fed. R. Civ. P. ("When the period is stated in days . . . . . include the last day of the period, but if the last day is . . . a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next that is not a Saturday, Sunday or legal holiday.") Thus, the amended answer which was filed on October 12, 2010, was timely filed. The plaintiff's motion to strike the

amended answer is denied.

The plaintiff seeks to strike the affirmative defense asserted in paragraph four of the answer to the amended complaint.  In that paragraph, the defendants assert an affirmative defense of failure to state a claim of deliberate indifference to serious medical needs relating to the cause and treatment of the plaintiff's alleged acid reflux disease.

Federal Rule of Civil Procedure 12(f) provides that a court may strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  Motions to strike are generally disfavored and will not be granted "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense."  *Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir.1984), *vacated and remanded on other grounds*, 478 U.S. 1015 (1986)(quotations and citations omitted).

In addition, courts are reluctant to strike an affirmative defense unless the plaintiff demonstrates how prejudice would result it the defense were not stricken.  *See Connell v. City of New York*, 230 F. Supp. 2d 432, 438 (S.D.N.Y. 2002) ("to prevail on a motion to strike, the movant must show that he will be prejudiced by inclusion of the defense"); 2A Moore's Federal Practice, ¶ 12.21[2], [3] (2d ed. 1995) (citing cases).  Furthermore, a motion to strike an affirmative defense will be denied if "the defense is sufficient as a matter of law or fairly presents a question of law or fact which the court should hear at trial."  *See Connell*, 230 F. Supp. at 438.

A review of paragraph four of the answer to the amended complaint reveals that

the defendants' defense of failure to state a claim upon which relief may be granted is not baseless and fairly presents a question of fact and law with regard to the Eighth Amendment claims of deliberate indifference to the plaintiff's alleged serious acid reflux condition.  Furthermore, the plaintiff has not demonstrated how he would be prejudiced if this affirmative defense is not stricken.  Thus, the plaintiff's motion to strike the affirmative defense set forth in paragraph four of the defendants' answer to the amended complaint is denied.

The plaintiff also objects to the filing of defendant Murphy's supplemental response to his first set of interrogatories, a corrected affidavit by defendant Stolfi in support of defendants' motion for summary judgment and defendants' amended Local Rule 56(a)1 Statement.  The plaintiff seeks to strike these documents because the defendants failed to seek leave of court prior to filing them.  As stated above, Rule 12(f), Fed. R. Civ. P. only applies to pleadings.  None of the documents referenced by the plaintiff are pleadings.   *See* Rule 7(a), Fed. R. Civ. P. (defining pleadings).  Thus, to the extent that the plaintiff seeks to strike those documents, the request is denied.  Furthermore, the plaintiff has failed to identify any rule requiring the defendants to seek leave of court prior to filing the supplemental, corrected and amended documents referenced above.  Accordingly, the objection to the filing of those documents is overruled.

### Conclusion

The plaintiff's Motion to Strike  [**Dkt. No. 196**]  the affirmative defenses set forth in paragraph four of the defendants' answer to the amended complaint is **DENIED**.  The plaintiff's Motion to Strike  [**Dkt. No. 198**]  the amended answer to the amended

complaint is **DENIED**.  The plaintiff's Objection and Motion to Strike Any and All Supplemental, Corrected and Amended Pleadings [**Dkt. No. 221**] is **OVERRULED** and **DENIED**.

    **SO ORDERED**.

    Dated this 19th day of January, 2011, at Hartford,  Connecticut.

    /s/ Christopher F. Droney
    Christopher F. Droney
    United States District Judge