UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY NEAL SADLER<br>*Plaintiff* | : CIVIL ACTION NO. 3:07cv1316 (CFD)<br>:<br>: |
| v. | :<br>: |
| THERESA LANTZ, ET AL.<br>*Defendants* | : July 19, 2011 |

## MOTION FOR EXTENSION OF TIME

Defendants respectfully move pursuant to D. CONN. L. CIV. R. 7 (b) 2 for an extension of time of 30 days from July 20, 2011 until August 19, 2011 for Defendants to file additional motions for summary judgment.

Defendants make this motion for the following reasons:

1. Defendants have been required to file four separate summary judgment motions, as follows, each based on different factual and in some cases legal grounds:

    a. for Defendant Dr. Silvis, for Claim 1, amended complaint (doc. #63);

    b. for the four Defendants Utilization Review Committee [URC] members, Mark Buchanan, M.D., Syed Naqvi, M.D., Ricardo Ruiz, M.D., and Monica Farinella, M.D., for Claim 1, amended complaint;

    c. for Defendant Richard Furey, for Claim 1, amended complaint;

    d. for Defendants Warden Murphy and Officer Stolfi, for Claim 4, amended complaint (filed November 18, 2010; please see ¶2. f), *infra*).

In addition, Plaintiff has filed various motions as indicated *infra*, which, although lacking in merit, still require a response to protect the rights of the Defendants and to assist the Court. These motions have also been responsible for delay.

2.  Since the Court's Ruling on Pending Motions, doc. #174, which set the original summary judgment deadlines, Defendants have done substantial work on this case, which has included, although has not necessarily been limited to, the following:

a)  research and preparation of a motion for reconsideration (doc. # 179, filed August 31, 2010), especially as to status of Claim 2 which the Ruling of August 19, 2010 indicated remained in the case (doc. #174 at 5-6), but as to which Plaintiff filed a motion to withdraw and dismiss without prejudice on July 21, 2010 (doc. #170);

b)  Preparation of an answer to the amended complaint (doc. #63). The amended complaint consists of approximately 48 pages, and includes detailed allegations as well as attachments concerning the claims which, according to the Court's Ruling of August 19, 2010 (doc. #174), *supra,* still remained in this case at the time. This answer was filed September 20, 2010 (doc. #181); preparation of this answer required consultation and interviews with five Defendants to respond to Plaintiff's allegations in Claims 1 and 4 as well as to address affirmative defenses; the amended answer was over 50 pages. It also required legal research, particularly as to affirmative defenses. To prepare it was time-consuming;

c)  research and preparation of a Motion to Construe Plaintiff's Motion for Voluntary Withdrawal As Also a Motion to Amend or Motion to Drop Parties and Sever Claims Against Them (doc. #182 and attach. 1), filed September 28, 2010; see also Correction and Addendum (doc. #186, filed October 1, 2010). This motion was needed to clarify not only the status of Defendant Dr. James Smyth, named in Claim 2, but also that of Defendant Richard Furey also named in that claim;

      d)      research and preparation of a Reply Brief to Plaintiff's Opposition to Motion for Reconsideration, submitted October 12, 2010, with a motion for leave to file oversize brief (doc. #188 and attachment 1);

      e)      preparation of an amended answer to the amended complaint, filed October 12, 2010 (doc. #189). This document was needed to correct errors and omissions in the original answer, to revise responses as to Claim 2, and to modify, supplement and clarify affirmative defenses. The amended answer was 62 pages;

      f)      completion of one of Defendants' motions for summary judgment, *supra*, which was for Defendants Warden Peter Murphy and Correction Officer Matthew Stolfi sued in Claim 4 of the amended complaint;

      1) Defendants filed this motion on November 18, 2010. It included a 40 page memorandum of law, five exhibits, in addition to exhibits annexed to two of the affidavits, seven affidavits, and a Local Rule 56(a)1 Statement; please see docs. ## 206, 207, 208, 210 and 209;[1]

      2) preparation of this motion for summary judgment involved, among other things, legal research relating to the validity of the correctional policies challenged, which required substantial time, as well as legal research relating to summary judgment standards and qualified immunity; interviewing and other work related to the affidavits also required substantial time;

      g)      preparation and filing of a corrected affidavit for Officer Stolfi on November 30, 2010 (doc. #212);

---

[1] Although notice of manual filing of the affidavits was filed on November 22, 2010 (doc. #209) with a new disk, the original affidavits were filed on November 18, 2010 with the summary judgment motion, doc. # 207.

 h) preparation and filing of an Amended Statement of Material Facts filed December 6, 2010 (doc. #213), for the summary judgment motion filed November 18, 2010 (doc. # 207);

 i) legal research for preparation of a memorandum in opposition to Plaintiff's motions to strike an affirmative defense (¶4) in the answer as well as the amended answer and objection to the amended answer (docs. ## 196, 197 and 198); this research included criteria for a motion to strike as well as legal elements for Plaintiff's deliberate indifference claims that are relevant to the affirmative defense which Plaintiff sought to strike;

  1) preparation also included consultations with treating physicians for medical issues relating to the motion to strike the affirmative defense;

  2) Plaintiff's motion to strike affirmative defense ¶4 (docs. #196 at 1, *supra*) also sought, if his motion to strike this defense was denied, to amend his amended complaint further by asserting an additional claim or claims; accordingly, preparation of this memorandum in opposition also required substantial time for legal research as to the criteria for allowing supplemental amendments or pleadings under FED. R. CIV. P. 15(d);

 j) based on this research, drafting of a memorandum in opposition to Plaintiff's motions to strike and objection to the amended answer (docs. ## 196, 197 and 198), which Defendants filed on December 30, 2010 (doc. #222);

 k) research, drafting and editing a memorandum in opposition to Plaintiff's additional objection and motion to strike not only the amended answer, but also other

submissions of Defendants (doc. #221, which Plaintiff filed Dec. 28, 2010) ; Defendants filed their response on January 18, 2011 (doc. #226);[2]

l) work in connection with Dr. Silvis's affidavit for his summary judgment motion as to amended complaint, Claim 1, which is also continuing, including:

1) review of Dr. Silvis's draft affidavit; adding required responses; efforts to consolidate it and, wherever possible, to condense it and reduce its size; thus far it has been reduced from about 123 to about 75 pages and from about 42, 822[3] words to about 26, 514 words; efforts will be made to reduce this further wherever possible while preserving essential points;

2) time has also been required to respond not only to the amended complaint (doc. #63), which covers medical issues of over four years, in addition to previous years as to the issue of pre-existing condition, but also to Plaintiff's summary judgment memorandum, affidavit and exhibits (doc. #114); although the Court denied his summary judgment motion without prejudice for failure to file a Local 56(a)1 Statement (Ruling, doc. # 175 at 2-3), these materials remain in the record and are extensive (totaling about 120 pages, including some texts with double pages per copy); relevant portions should be addressed as a practical matter to dispose of all of Plaintiff's claims and to provide the Court a response that is accurate and complete;

---

[2] Although the docket report indicates that Defendants doc. #226 was in response to Plaintiff's motion and memorandum in opposition docs. ## 198 and 189, it appears that this document actually was in response to Plaintiff's objection and motion to strike, doc. #221. We have previously notified the Clerk's office of this.

[3] The difference between the 42,822 original total word count above and that indicated in prior motions is because the present figures, unlike prior ones, include footnotes and endnotes.

      3)    work has also been required to check Dr. Silvis's draft affidavit against Plaintiff's clinical records, physician's orders, laboratory and x-ray reports, laboratory reports, medication administration records, various correspondence, medical sources including professional literature, other documents and records, as well as the amended complaint and Plaintiff' summary judgment submissions and also to consult with Defendant Dr. Silvis and on occasion with other University of Connecticut Health Center physicians;

    m)    interview of another Dept. of Corrections staff member regarding Plaintiff, related to medical claims in Claim 1 of the amended complaint, in preparation for one or more additional summary judgment motions;

    p)    additional legal research, the amount of which has varied, including that relating to the following issues:

      1) Plaintiff's remaining claims as to his finger injury (see amended compl., doc. #63, Cl. 1, ¶¶ 22-24);

      2) exhaustion of administrative remedies required under the Prison Litigation Reform Act, 42 U.S.C. §1997e(a);

      3) summary judgment requirements, including review of the 2010 changes to FED. R. CIV. P. 56 (effective Dec. 1, 2010) providing for summary judgment;

      4) procedural and substantive requirements for a claim involving medical care under the Eighth Amendment; this has included, although has not necessary been limited to, the issue of serious medical condition under the Eighth Amendment, lack of responsibility for non-medical personnel such as Defendant Richard Furey, and deliberate indifference in general and as applied to this case;

      5) Plaintiff's claim of acid reflux (see amended complaint, Cl. 1, ¶¶ 25-42);

      6) qualified, good faith immunity.

 q. identifying and locating inmate requests and grievances relating to allegations of inadequate treatment made against Defendant Dr. Silvis in Claim 1 of the amended complaint and exhaustion of remedies and related issues; review of other health services documents and records and communications regarding medical issues;

 r. medical research relating to Plaintiff's claims;

 s. work to conduct research relating to Plaintiff's motion to stay summary judgment as to Claim 4 and motion to conduct additional discovery (doc. #231) filed Jan. 18, 2011;

 t. based on this research, work required to draft and finalize a memorandum in opposition to Plaintiff's motion to stay summary judgment as to Claim 4 and motion to conduct additional discovery (doc. #231); Defendants filed their memorandum in opposition to this motion on April 11, 2011 (doc. # 251), which included an affidavit with exhibits and additional exhibits;

 u. work required in connection with one or more additional affidavits together with records in support of Defendants' memorandum in opposition (doc. #251) to Plaintiff's motions to stay summary judgment as to Claim 4 and to conduct additional discovery (doc. #231), including consultations with various Dept. of Correction staff and review of records; this required substantial time and effort. Defendants filed that memorandum on May 2, 2011 (doc. #261);

      v. Submission of a response to Plaintiff's objection to a motion for extension of time (doc. #257, filed May 2, 2011);

      w. Preparation and submission of a response to additional attachments to motion to file a supplemental complaint (doc. #244) and motion to file a supplemental pleading (doc. #247), filed June 17, 2011 (doc. #273).

      x. For additional work, including work done in the periods for which an extension was requested, please see ¶7 below.

      3. Defendants are unable to file these summary judgment motions within the time set by the present deadline for the following reasons:

Preparation of the remaining summary judgment motions is expected to be time-consuming for the following reasons.

      a. Work required for the summary judgment motion for Dr. Silvis for the amended complaint, Claim 1 includes the following:

      1) completing work for an affidavit by Dr. Silvis, which is time-consuming, because of the number of detailed allegations in Claim 1 and Plaintiff's summary judgment submissions (doc. #114), medical issues involving several years, efforts to continue to check and condense it, and Dr. Silvis's further review of that affidavit; please see further discussion, ¶2. 1), *supra*;

      2) organizing and submitting a number of medical records and other documents which Dr. Silvis is expected to cite; these are extensive;

      3) preparation of about three affidavits needed for submission of Commissary records showing Plaintiff's purchase of spicy and other contraindicated

foods, together with the submission of these relevant records; one of these affidavits may also include summaries of these records;

    4)    preparation of one or two affidavits as to the Correctional Institution diet, to respond to some of Plaintiff's allegations;

    5)    preparation of at least two affidavits[4] as to failure to exhaust administrative remedies;

    6)    preparation of any other additional affidavits that may be required, including as to Plaintiff's physical activities;

    7)    any additional legal research that is required, and, where necessary, any additional medical research;

    8)    preparation of a memorandum of law;

    9)    preparation of a Local Rule 56(a)1 statement.

The work that has been done thus far for Defendant Silvis's summary judgment motion has included:

    1)    extensive interviews of Dr. Silvis; preparation of a lengthy, rough draft affidavit, and efforts to check and condense it, which are also ongoing; please see ¶2. 1., *supra*, for further discussion;

    2)    completion and execution of another medical affidavit, with relevant medical records attached;

    3)    review of relevant medical records, which are extensive;

    4)    review of relevant commissary records;

---

[4] Two affidavits would be required because two Health Services Administrators served at MacDougall Correctional Institution during the relevant periods.

9

5) interviews of persons from whom affidavits will be sought regarding these commissary records;

6) interviews of personnel concerning dietary issues, for purpose of preparing affidavits;

7) interviews of officials concerning failure to exhaust administrative remedies for purpose of preparing affidavits; review of grievances filed; additional review and discussions are required for this matter; and

8) legal and medical research, some of which has been referred to in ¶ 2. p., *supra*.

    b.    work required for the summary judgment motions for the four URC Defendants, in addition to a memorandum of law and Local Rule 56(a) statement, includes:

1) preparation of at least one affidavit on behalf of the URC Defendants;

2) organization and submission of relevant records;

3) preparation of one or more affidavits to address relevant issues as to failure to exhaust administrative remedies.

Work that has been done thus far for the URC Defendants' summary judgment motion has included:

1) review of relevant medical records;

2) basic legal research.

3) interview of a URC member for the purpose of an affidavit on behalf of the URC Defendants;

    4)    interview and other work relating to exhaustion of administrative remedies issues relating to claims against the URC Defendants, and review of a relevant document.

    c.    Work required for the summary judgment motions for Defendant Richard Furey, in addition to a memorandum of law and Local Rule 56(a) statement, includes:

    1)    preparation of an affidavit for Richard Furey;

    2)    submission of any relevant records or other documents;

    3)    any additional necessary legal research.

Work that has been done thus far for the Defendant Richard Furey's summary judgment motion has included:

    1)    interviews with Richard Furey for the purpose of preparing an affidavit;

    2)    review of relevant documents;

    3)    basic research as to grievance procedure;

    4)    basic legal research.

4.    For all reasons set forth in this motion including but not limited to ¶7 *infra*, it is respectfully submitted that the existing deadline cannot reasonably be met despite Defendants' diligence.

5.    <u>Defendants' Plan</u>. Total time required to complete and submit the remaining summary judgment motions will more than likely take more than the approximately thirty days requested. However, Defendants will make their best efforts to accomplish as much required work as possible during the period requested.

Because the issues in the summary judgment motions for the URC Defendants and Defendant Richard Furey are anticipated to be related to the issues for Dr. Silvis's summary

11

judgment motion, Defendants at this time plan to submit Dr. Timothy Silvis's summary judgment motion next, which is expected to take the most time.

Defendants at this time plan to submit the summary judgment motions for Defendant Richard Furey and the URC Defendants following the submission of Dr. Timothy Silvis's summary judgment motion. Defendant Silvis's summary judgment motion is expected to provide the context for the latter two motions which may assist the Court.

By submitting these summary judgment motions as each is finalized, the Court can consider them and Plaintiff can respond to them as each is submitted, instead of having to wait until all are completed.

7. Nine previous extensions of approximately thirty days each for the present deadline have been requested and granted.

During the original time limit, Defendants among other things prepared and filed an answer, amended answer, and motion to construe Plaintiff's motion for voluntary withdrawal as also a motion to amend or drop parties and sever claims (docs. ##181, 182, and 189), as discussed in ¶¶2. a. through 2.e., *supra*.

During the first extension requested, Defendants among other things did most of the work for the summary judgment motion filed on behalf of Warden Murphy and Officer Stolfi, as described in ¶2. f., *supra*.

During the second extension requested Defendants among other things completed and filed that summary judgment motion (docs. ## 207-210), did substantial work in preparing a memorandum in opposition to Plaintiff's first objection and motions to strike documents (docs. #196-98), and did other work, including factual and legal research in preparation of their remaining summary judgment motions. See ¶¶2. f through i, *supra*.

During the third extension requested, Defendants among other things completed and filed their memorandum in opposition to Plaintiff's first objection and motion to strike documents (doc. # 222, responding to docs. #196-98)(please see ¶¶ 2. i. and 2. j., *supra*), researched, prepared and filed a memorandum in opposition to Plaintiff's additional motion to strike and objection to documents (doc. #226, responding to doc. #221) (please see ¶2. k, *supra*), *supra*), worked on consolidating and editing Dr. Silvis's affidavit, and interviewed another Dept. of Correction staff member for an affidavit.

During the fourth extension requested, Defendants among other things conducted preliminary research regarding Plaintiff's motion to stay summary judgment as to Claim 4 and motion to conduct additional discovery (doc. #231) and continued to work on consolidating, checking and condensing Dr. Silvis's affidavit. Please see ¶¶ 2. l) and 2. s), *supra*, as to both tasks.

During the fifth extension requested, Defendants among other things continued to work on consolidating, checking and condensing Dr. Silvis's affidavit, to reduce his affidavit during this period by over 3,500 additional words.

During this period defense counsel also focused largely on Plaintiff's motion to stay summary judgment as to Claim 4 and motion to conduct additional discovery (doc. #231) to avoid unnecessary delay in the disposition of that summary judgment motion (docs. ##207-209). During this period defense counsel among other things completed most of the research for a memorandum in opposition to Plaintiff's motions (doc. #231), finalized an affidavit with exhibits in support of that memorandum in opposition, reviewed other relevant documents and consulted with Dept. of Correction staff.

In addition, during this fifth period defense counsel did preliminary work in connection with Plaintiff's motions to file supplemental complaint and to conduct additional discovery a to Claim 1 (docs. ##239, 240) filed Feb. 18, 2011, which among other things included preliminary review of Plaintiff's submissions, legal consultation and review of various relevant medical sources.

During the sixth extension requested, defense counsel completed preparing and drafting a memorandum in opposition to Plaintiff's motions to stay summary judgment as to Claim 4 and to conduct additional discovery (doc. #231), and filed that memorandum on April 11, 2011 (doc. #251), consisting of 38 pages of text, with an affidavit and additional exhibits.[5]

Defense counsel also reviewed additional records and did work in connection with one or more affidavits to be submitted in support of that motion, which were to be filed.

In addition, defense counsel continued to work on consolidating, checking and condensing Dr. Silvis's affidavit, to reduce his affidavit during this period by about 1,600 additional words.

Defense counsel during this sixth period also conducted additional, preliminary research for a memorandum in opposition to Plaintiff's motions to file supplemental complaint and to conduct additional discovery (docs. ##239, 240).

During the seventh period requested, Defendants completed preparing and drafting a submission of affidavits with attachments in support of their memorandum in opposition (doc. # 251) to Plaintiff's motions to stay Claim 4 and to conduct additional discovery (doc. #231). This required extensive time in reviewing relevant Department of Correction (DOC) incident reports

---

[5] The docket report incorrectly states that this memorandum in opposition (doc. #251) was filed regarding doc. # 240. It was filed in response to doc. # 231. Please see memorandum (doc. #251), p. 2, 1st ¶. We have notified the Clerk's office of this.

of attempts to mail contraband, including drugs and potential weapons including needles and a drill bit to inmates, discussions with DOC staff regarding locating, organizing presenting and redacting these reports for security and safety; work in connection with two affidavits based on interviews with DOC staff relating to these reports; reviewing redactions in these reports; and preparing a memorandum summarizing and submitting these reports. This submission, filed May 2, 2011 (doc. #261), was related to Defendants' motion for summary judgment for Claim 4, filed Nov. 18, 2010 (docs. #207-209), which is subject to the present deadline for which this extension is requested.

In addition, defense counsel continued to work on consolidating, checking and condensing Dr. Silvis's affidavit, to reduce his affidavit during this period by over 1,600 additional words. This process was time-consuming, in view of the need to check cross references to other portions of the affidavit as well as medical records, and also because of the number of allegation Plaintiff has made not only in his amended complaint but also elsewhere in his summary judgment submission (doc. #114).

During this seventh period defense counsel also did substantial work in connection with Plaintiff's motions to file supplemental complaint and to conduct additional discovery as to Claim 1 (doc. #240), which among other things included legal research, including issues of timeliness and undue prejudice and medical research, including laboratory issues.

Work done for this purpose also includes finalization of an affidavit in support of the memorandum in opposition; preparation of an additional affidavit based on interview with a professional involved in health care; with the exception of one point as to background, that affidavit should now be ready for final review and signing; work on preparing another affidavit from another health care related professional, based on discussions and review of materials;

contacts with administrative staff for the purpose of these affidavits and related work and research.

During this seventh period Defense counsel also conducted preliminary review of Plaintiff's motion to file supplemental pleading in addition to motion to conduct additional discovery (doc. #247), including attachments, and consulted DOC staff regarding Plaintiff's claims. Defendants also prepared a preliminary report to the Court regarding Plaintiff's request for health records which is the subject of Plaintiff's motion, including developments which might possibly obviate the need to adjudicate the merits of that motion.

During the eighth period requested, in addition to completing and filing of a preliminary report regarding Plaintiff's motion to file supplemental pleading, etc. (doc. # 247, including attach. 1), which Defendants filed on May 20, 2011 (doc. # 268), Defense counsel continued to spend substantial time conducting research for a memorandum in opposition to Plaintiff's motions for leave to file supplemental complaint and to conduct additional discovery (docs. ## 239, 240) which included but has not been limited to review and analysis of Plaintiff's submissions which exceed 50 pages, substantial legal research including case law, including but not limited to cases cited by Plaintiff, at least one medical consultation, basic medical research of specific issues raised by Plaintiff, review of relevant portions of Plaintiff's clinical records, physician's orders, laboratory reports and other portions of his medical records;

Work that has been done for this memorandum in opposition also includes, in addition to execution of one affidavit, completion of two additional affidavits based on interviews with professionals involved in health care, which, barring unforeseen developments or a minor change, are ready for final review by the affiants and/or execution; work for these latter two affidavits has included but has not been limited to interviews and medically related research.

16

Work during this period also included an additional medical consultation regarding Plaintiff's allegations of reflux made in Claim 1 of the amended complaint.

In addition, during this period work was also required to be done for other litigation pending in Superior Court involving a suit against a Connecticut judicial officer including but not limited to preliminary review of a complaint, discovery requests, a motion for prejudgment remedy, preliminary research regarding sufficiency of allegations in the complaint and consultations with the Defendant.

Defense counsel was also out on leave for six days during this period.

Defense counsel during this period also further reduced Dr. Silvis's affidavit in support of summary judgment, as stated previously by over 1000 words, to 26,514 words. Its original length (including work done in prior periods) was 42,822 words.

During this period defense counsel also prepared and filed on June 17, 2011 a Response to Plaintiff's Additional Attachment to Motion to File Supplemental Complaint (doc. #244) and Motion to File Supplemental Pleading, etc., including the proposed supplemental pleading itself (doc. #247, including attachment 1). That response also included, based on consultations with University of Connecticut Health Center staff assigned to MacDougall-Walker Correctional Institute, an 11 page affidavit. See doc. #273. This response, including the affidavit, was filed in advance of the extended deadline of June 22, 2011 for responding to doc. # 247.

During the ninth period requested, defense counsel completed research for a memorandum in opposition to Plaintiff's motion for stay, to file a supplemental complaint and for additional discovery (docs. ##239, Attachments ##1 and 2, and 240). In addition, defense counsel has drafted a substantial portion of that memorandum, including the sections of prejudice, undue delay, and part of the section dealing with futility of amendment, consisting of

total of about 35 pages in draft form.   In addition, the two affidavits from health care professionals in support of that memorandum were reviewed by the affiants in final form and have now been executed.

Defense counsel during this period also further reduced, checked and edited the draft of Dr. Silvis's affidavit in support of summary judgment, as stated previously, by over 1,000 words to about 26,514 words.  Its original length (including work done in prior periods) was 42,822 words.  Defense counsel also did additional legal research in preparation for a memorandum in support of summary judgment.

In addition, during this period additional work was also required to be done for the case in Superior Court, *supra*, involving a suit against a Connecticut judicial officer including but not limited to discovery responses and further legal research.  That case has since been removed to U.S. District Court. *Tucker v. Greene*, No. 3:11 cv1104 (CFD).  Defense counsel in the present case (Sadler), who is also a defense counsel in the *Tucker* case, *supra*, has researched and plans to file a motion for remand.

This list of work in this case is not all-inclusive.  Please see paragraph 2, *supra*, for additional work done, including but not limited to legal and medical research.

8.  Defendants have not inquired of the Plaintiff pro se to ascertain his position on this motion because he is incarcerated.

9.  It is therefore respectfully requested that this motion for an extension of time be granted until August 19, 2011 in which to file additional summary judgment motions, so that defense counsel can provide professional representation for Defendants as required and also to assist the Court in the proper and just disposition of this case.

Respectfully submitted,

DEFENDANTS WARDEN PETER MURPHY, CORRECTION OFFICER MATTHEW STOLFI, RICHARD FUREY, DOCTOR TIMOTHY SILVIS, COMMISSIONER OF CORRECTION THERESA C. LANTZ, DOCTOR JAMES SMYTH, DOCTOR SYED NAQVI, DOCTOR RICARDO RUIZ, DOCTOR MARK BUCHANAN, AND DOCTOR MONICA FAIRINELLA

GEORGE JEPSEN
ATTORNEY GENERAL

BY: *(signature)*
Daniel R. Schaefer
Assistant Attorney General
Federal Bar No. ct05562
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5020
Fax: (860) 808-5347
Daniel.Schaefer@ct.gov

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 19th day of July 2011 to:

Gary Neal Sadler #236395, Plaintiff Pro Se
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, Conn. 06080

*(signature)*
Daniel R. Schaefer
Assistant Attorney General

19