UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GARY SADLER :
:
v. : Case No. 3:07CV1316(CFD)
:
THERESA LANTZ, ET AL. :

RULING ON PENDING MOTIONS

The plaintiff has filed two motions for stay, a motion for extension of time, a motion to file a supplemental complaint and to conduct discovery and a motion for leave to file a supplemental brief. For the reasons set forth below, the plaintiff's motions for stay, to file a supplemental complaint and to conduct discovery are denied and the motions for extension of time and to file a supplemental brief are granted.

I. **Motion for Leave to File Supplemental Brief [Doc. No. 247]**

On February 18, 2011, the plaintiff filed a motion for leave to file a supplemental complaint and to conduct additional discovery relating to claim one of his first amended complaint. See Doc. No. 239. The plaintiff now seeks to file a "supplemental pleading" in support of his motion for leave to conduct additional discovery. The court notes, however, that the document that the plaintiff seeks to file is not a pleading as defined in Rule 7(a) of the Federal Rules of Civil Procedure, but is actually a memorandum. Accordingly, the court liberally construes the plaintiff's motion as a motion for leave to file a supplemental memorandum in support of the motion for leave to conduct additional discovery.

The motion is granted. The Clerk is directed to docket the document attached to

the plaintiff's motion as a Supplemental Memorandum in Support of the Motion for Leave to File a Supplemental Complaint and to Conduct Additional Discovery [Doc. No. 239]. The court will consider the supplemental memorandum below.

II. **Motion to File Supplemental Complaint and to Conduct Additional Discovery [Doc. No. 239]**
**Motion to Stay [Doc. No. 240]**

In December 2009, the plaintiff moved to stay the proceedings because he had become aware that blood tests performed in June 2009 showed abnormalities that were related to his gastrointestinal condition. He claimed that there were also blood test results from May and August 2007, but those results were not in his medical file. In July 2010, the plaintiff informed the court that he had been able to review blood test results from March, May and August 2007 and sought leave to conduct discovery as to these blood test results as well as the results from June 2009. The plaintiff also indicated that after conducting additional discovery, he might want to file a second amended complaint. On August 19, 2010, the court denied the plaintiff's motions to stay the proceedings, conduct additional discovery and to file a second amended complaint because the court concluded that to permit the plaintiff to add new claims would prejudice the defendants and unnecessarily delay the case.

The plaintiff again contends that he should be permitted to conduct additional discovery and to file a second amended complaint or supplemental complaint to add facts related to blood work that was performed in March, May and August of 2007 and June of 2009 as well as the results of an endoscopy performed in March 2010. He argues that these test results are related to the claims that Dr. Silvis failed to properly diagnose and treat his gastrointestinal symptoms from June 2004 to September 2008, and may show

that he in fact suffered from other conditions that may have caused his symptoms.

Generally, leave of court to amend pleadings should be freely given "when justice so requires." Fed. R. Civ. P. 15(a); *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230 (2d Cir. 1995). In determining whether to grant leave to amend, however, the court considers such factors as undue delay, bad faith, dilatory motive, undue prejudice and futility of the amendment. *See Forman v. Davis*, 371 U.S. 178, 182 (1962) (decision to permit amendment of pleadings is within discretion of district court and is based on multiple factors); *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)("Reasons for a proper denial of leave to amend include delay, bad faith, futility of the amendment, and perhaps the most important, the resulting prejudice to the opposing party.").

Rule 15(d) of the Federal Rules of Civil Procedure permits a party to move to file a supplemental pleading and the district court to grant such a motion, in the exercise of its discretion, upon "reasonable notice" and "on just terms." A motion to supplement pleadings under Rule 15(d) is properly filed when a party seeks to plead a "transaction, occurrence or event that happened after the date of the pleading to be supplemented." *Id.* Thus, a district court may grant permission to file supplemental pleadings under Rule 15(d), "when the supplemental facts connect it to the original pleading." *See Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995); *see also Corum v. Beth Israel Medical Center*, 359 F. Supp. 909, 914 (S.D.N.Y. 1973) (noting that supplementing pleadings with transactions and occurrences since the date of the original proceedings complied with Rule 15(d) and may support policy considerations such as judicial economy).

In deciding whether to grant a motion to supplement a pleading based on Rule

3

15(d), a district court should consider the following factors: "undue delay, bad fath, dilatory tactics, undue prejudice to the opposing party or futility." *Quaratino*, 71 F.3d at 66. Thus, district courts should contemplate prejudice to the opposing party and, in their discretion grant "supplementation [where it] will promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other party." *Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989) (citations omitted).

Attached to the plaintiff's motion are results of various blood and other tests. The blood test results from March, May and August 2007 indicated slightly abnormal Hematocrit and Platelet counts, the May 2007 blood tests were negative for the presence of Helicobacter pylori ("H. pylori") and the Upper Gastrointestinal ("UGI") series performed in August 2007 showed no evidence of esophageal or stomach conditions other than Esophageal Reflux. These tests occurred prior to the filing of the amended complaint dated September 8, 2008.

In June 2009, blood tests were positive for the presence of H. pylori. In March 2010, an endoscopy revealed no presence of H. pylori infection and no other abnormalities of the plaintiff's esophagus, stomach, small bowel or duodenum. An impression of mild gastritis was subsequently ruled out by the pathology report. (*See* Amended Answer, Doc. No. 189 at 48-49.) The plaintiff did not attach a proposed supplemental complaint to his motion. Thus, it is unclear as to the specific supplemental facts or occurrences he seeks to assert.

The plaintiff has not shown how the fact that the blood tests in 2007 may have indicated that he was slightly anemic at the time is connected to the claim that Dr. Silvis

was deliberately indifferent to his gastrointestinal symptoms during the period from June 2004 to September 2008.  To the extent that the plaintiff seeks to allege that the blood tests from 2007 showed that he was anemic and Dr. Silvis failed to inform him of those results or treat that condition, those allegations constitute new, unrelated claims.   In addition, any claim related to the June 2009 blood work results that showed a positive finding for H pilori, including a failure to promptly treat that condition, are new and unrelated claims.  The court concludes that the addition of claims relating to the 2007 blood test results, the June 2009 blood tests and the March 2010 endoscopy would unnecessarily delay the litigation of this action and also prejudice the defendant.  *See Forman*, 371 U.S. at 182.  Justice does not require that the plaintiff be permitted to file an supplemental or amended complaint to add new claims at this stage of the litigation.  Accordingly, the motion for leave to file a supplemental or second amended complaint and to conduct discovery as to claim one of the first amended complaint is denied.  The motion for stay pending a ruling on the motion to file supplemental complaint is denied as moot.

The plaintiff may submit evidence of the 2007 and 2009 blood test results and the 2010 endoscopy results as well as his medical records containing the opinions of medical personnel in support of or in opposition to a motion for summary judgment filed addressing claim one of the first amended complaint.

### IV.     Motion for Stay [Doc. No. 231]

The plaintiff seeks to stay the disposition of a ruling on the defendants' motion for summary judgment so that he can conduct additional discovery regarding some of the statements included in the defendants' Rule 56(a)1 Statement of Material Facts and their Affidavits.  The plaintiff files this motion pursuant to Rule 56(d), formerly 56(f), of the

Federal Rules of Civil Procedure. The plaintiff claims that he cannot affirm or deny a number of facts set forth in the Local Rule 56(a)1 Statement because the defendants' did not submit any documentation as to these facts. Thus, he seeks to conduct additional discovery so that he can respond to the defendants' Rule 56(a)1 Statement.

Rule 56(d), Fed. R. Civ. P. provides:

> It a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations of to take discovery; or
> (3) issue any other appropriate order.

Fed. R Civ. P. 56(f). The Second Circuit has held that a party seeking a continuance to respond to a motion for summary judgment on the ground that it needs additional discovery in order to defeat the motion must submit an affidavit. The affidavit must describe "(1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how these facts are reasonably expected to create a genuine issue of material fact, (3) what efforts the affiant has made to obtain them, and (4) why the affiant's efforts were unsuccessful." *Gulandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004) (citing *Hudson River Sloop Clearwater, Inc. v. Department of Navy*, 891 F.2d 414, 422 (2d Cir. 1989)).

The defendants' motion for summary judgment is directed at claim four which includes allegations that defendants Murphy and Stolfi violated the plaintiff's First Amendment right to freedom of expression when a blank greeting card mailed to the plaintiff from a relative in May 2007, was rejected as contraband pursuant to several State of Connecticut Department of Correction Administrative Directives. In support of their motion for summary judgment, the defendants argue that the plaintiff failed to allege that

6

Warden Murphy and Correctional Officer Stolfi violated his right to freedom of expression, the administrative directives relied on by defendants Warden Murphy and Correctional Officer Stolfi to reject the blank greeting card were rationally related to legitimate penological interests and Warden Murphy and Correctional Officer Stolfi are protected by the doctrine of qualified immunity.

The plaintiff mentions several facts or factual statements in the defendants' Local Rule 56(a)1 Statement that he claims not to be able to either admit or deny. The first factual statement is set forth in paragraph five of the Local Rule 56(a)1 Statement. *(See Amended Local Rule 56(a)1 Statement, Doc. No. 213.)* It reads as follows: "These inmates (at MacDougall) present the highest risk of management because of the length of their sentences, their criminal history, and the potential for escape and/or disruptive behavior." *Id.* at ¶ 5. This statement is attributed to Warden Murphy's Affidavit filed in support of the motion for summary judgment.

The plaintiff states that he cannot respond to this statement because Warden Murphy has not submitted any information about inmates at MacDougall in relation to inmates at other Department of Correction facilities. The plaintiff concedes, however, that he knows this statement is false and misleading. Thus, the court fails to see why the plaintiff cannot either admit or deny this fact. Furthermore, the plaintiff has not indicated how any facts related to inmates at other Connecticut prison facilities that he might uncover during additional discovery would create a genuine issue of material fact. There have been no allegations that the administrative directives in question do not apply to all prison facilities within Connecticut, regardless of their security/risk level. Accordingly, the motion is denied as to this factual statement.

7

The second statement that the plaintiff claims not to be able to either admit or deny is in fact not included in the Local Rule 56(a)1) Statement. The statement is made in Warden Murphy's Affidavit in paragraph fourteen. *See id.* That statement reads as follows: "Second, if blank or unsigned greeting cards were allowed to be received here, this would increase the opportunity for contraband to be introduced into this facility and would impose additional burdens on the staff, which as previously indicated, Administrative Directive 6.10 seeks to prevent." Murphy Aff. at ¶ 14. Because this statement is not included in the Local Rule 56(a)1 Statement, there is no basis for the plaintiff's claim that he cannot respond to it.

The plaintiff also objects to the fact that the Affidavits of Mail Handler William White and Donald Dufree and Captain Michael Beaudry include references to having observed incoming contraband, but have not attached the reports documenting these incidents. In response to the plaintiff's motion, the defendants have provided the plaintiff with the reports documenting the incidents of the discovery of contraband in cards. Accordingly, this claim is moot.

The plaintiff claims he cannot respond to statements made in the Affidavits of Warden Murphy and Correctional Officer Stolfi regarding the type or value of cards for sale outside the prison which might be sent to an inmate in prison.

The plaintiff claims that he cannot respond to these statements because he has no information as to whether all greeting cards for sale outside of prison are different or have more value. The plaintiff is not required to respond to the affidavits submitted by the defendants. Furthermore, the plaintiff has alleged that prior to May 2007, he received various blank greeting cards from relatives and vendors. (*See* Amended Compl. at 21.)

8

Thus, the plaintiff has some knowledge of the type of greeting cards available from outside sources. The court fails to see why the plaintiff cannot respond to any statements relating to the quality or variety of cards available from individuals or vendors outside of prison. Accordingly, the motion is denied as to these statements of fact.

The plaintiff claims that defendant Murphy has not asserted what type of greeting cards are available at the prison commissaries. Rather, he has stated that at the time blank greeting cards mailed to the plaintiff were rejected, the commissary sold and continues to sell "stationary, envelopes, postcards, greeting cards and postage." This statement quotes the current and former versions of State of Connecticut Administrative Directive 10.7(4). The court cannot discern why the plaintiff cannot respond to this statement as it appears in the defendants' Local Rule 56(a)1 Statement. (*See* Amended Local Rule 56(a)1 Statement at ¶ 85.) The plaintiff is not precluded from filing his own affidavit regarding the types of greeting cards which are available or unavailable at the commissary at MacDougall and then citing to this affidavit in support of his responses to the defendants' Local Rule 56(a)1 Statement.

The plaintiff also claims to be confused about statements in Captain Beaudry's Affidavit regarding a discontinued policy relating to items that could be mailed to inmates and the Administrative Directives relating to items that could be mailed to inmates. The plaintiff claims that he cannot respond to any statements regarding the past policy because he does not know the exact nature of the policy or when it was in effect. The plaintiff has not shown how information regarding this prior policy might "reasonably be expected to create a genuine issue of material fact" as to claim four of the first amended complaint. *Gulandi*, 385 F.3d at 244.

Furthermore, the statements in Captain Beaudry's Affidavit as they relate to items that are permitted to be mailed to inmates pursuant to the Department of Correction Administrative Directives in effect at the time of the rejection of the greeting cards mailed to the plaintiff are not contradictory. Captain Beaudry clearly stated that the only items permitted to be mailed to inmates from individuals outside of prison are social and legal correspondence and other items that have been specifically authorized by prison officials. (*See* Mem. Supp. Mot. Summ. J., Beaudry Aff. at ¶¶ 5, 6.) Captain Beaudry repeatedly stated that blank or unsigned greeting cards are not considered to be legal or social correspondence or specifically authorized items. (*See id.*) Furthermore, the plaintiff concedes that Captain Beaudry identified some of the specifically authorized items in paragraph twelve of his affidavit.

The plaintiff also claims to be confused by statements in Warden Murphy's Affidavit regarding his interpretation of Administrative Directive 6.10. The plaintiff is not required to respond to Warden Murphy's Affidavit. The plaintiff has not identified any statements relating to Administrative Directive 6.10 that are contained in the Local Rule 56(a)1 Statement that he cannot either admit or deny.

For the reasons set forth above, the plaintiff's motion to stay the court's ruling on the motion for summary judgment pursuant to Rule 56(d) to permit him additional time to conduct discovery and respond to the motion for summary judgment is denied. The plaintiff shall file his response to the motion for summary judgment, on or before September 19, 2011.

### III.     Motion for Extension of Time [Doc. No. 232]

The plaintiff seeks an extension of time until February 18, 2011, to file a motion for

summary judgment. The motion for extension of time is granted *nunc pro tunc*. To date, the plaintiff has neglected to file a motion for summary judgment.

As indicated above, the plaintiff shall file his opposition to the defendants' motion for summary judgment addressed to claim four of the amended complaint on or before September 19, 2011. If the plaintiff seeks to file a motion for summary judgment motion addressed to claim one of the amended complaint, he shall do so on or before October 16, 2011.

## Conclusion

The plaintiff's Motion for Leave to File Supplemental Brief [**Doc. No. 247**] is **GRANTED**. The Clerk is directed to docket the document attached to the plaintiff's motion as a Supplemental Memorandum in Support of the Motion for Leave to File a Supplemental Complaint and to Conduct Additional Discovery [Doc. No. 239]. The plaintiff's Motion to File Supplemental Complaint and to Conduct Additional Discovery [**Doc. No. 239**] is **DENIED**. The Motion to Stay [**Doc. No. 240**] pending a ruling on the motion to file supplemental complaint is **DENIED** as moot. The plaintiff's Motion for Stay [**Doc. No. 231**] the disposition of a ruling on the defendants' motion for summary judgment pursuant to Rule 56(f), Fed. R. Civ. P. is **DENIED**. The plaintiff's Motion for Extension of Time [**Doc. No. 232**] until February 18, 2011, to file a motion for summary judgment is **GRANTED** *nunc pro tunc*.

The plaintiff shall file his opposition to the defendants' motion for summary judgment addressed to claim four of the amended complaint on or before September 19, 2011. If the plaintiff seeks to file a motion for summary judgment motion addressed to

claim one of the amended complaint, he shall do so on or before October 16, 2011.

**SO ORDERED** this 30th day of August 2011, at Hartford, Connecticut.


/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge