# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

GARY NEAL SADLER            : CIVIL ACTION NO. 3:07cv1316 (CFD)
*Plaintiff*        :
                  :
      v.           :
                  :
THERESA LANTZ, ET AL.        : September 16, 2011
      *Defendants*

## <u>MOTION FOR EXTENSION OF TIME</u>

Defendants respectfully move pursuant to D. CONN. L. CIV. R. 7 (b) 2 for an extension of time of 30 days from September 19, 2011 until October 19, 2011 for Defendants to file additional motions for summary judgment.

Defendants make this motion for the following reasons:

1.      Defendants have been required to file four separate summary judgment motions, as follows, each based on different factual and in some cases legal grounds:

      a.    for Defendant Dr. Silvis, for Claim 1, amended complaint (doc. #63);

      b.    for the four Defendants Utilization Review Committee [URC] members, Mark Buchanan, M.D., Syed Naqvi, M.D., Ricardo Ruiz, M.D., and Monica Farinella, M.D., for Claim 1, amended complaint;

      c.    for Defendant Richard Furey, for Claim 1, amended complaint;

      d.    for Defendants Warden Murphy and Officer Stolfi, for Claim 4, amended complaint (filed November 18, 2010; please see ¶2. f), *infra*).

In addition, Plaintiff has filed various motions as indicated *infra*, which, although lacking in merit, still require a response to protect the rights of the Defendants and to assist the Court. These motions have also been responsible for delay.

2.      Since the Court's Ruling on Pending Motions, doc. #174, which set the original summary judgment deadlines, Defendants have done substantial work on this case, which has included, although has not necessarily been limited to, the following:

       a.      research and preparation of a motion for reconsideration (doc. # 179, filed August 31, 2010), especially as to status of Claim 2 which the Ruling of August 19, 2010 indicated remained in the case (doc. #174 at 5-6), but as to which Plaintiff filed a motion to withdraw and dismiss without prejudice on July 21, 2010 (doc. #170);

       b.      Preparation of an answer to the amended complaint (doc. #63). The amended complaint consists of approximately 48 pages, and includes detailed allegations as well as attachments concerning the claims which, according to the Court's Ruling of August 19, 2010 (doc. #174), *supra,* still remained in this case at the time. This answer was filed September 20, 2010 (doc. #181); preparation of this answer required consultation and interviews with five Defendants to respond to Plaintiff's allegations in Claims 1 and 4 as well as to address affirmative defenses; the amended answer was over 50 pages. It also required legal research, particularly as to affirmative defenses. To prepare it was time-consuming;

       c.      research and preparation of a Motion to Construe Plaintiff's Motion for Voluntary Withdrawal As Also a Motion to Amend or Motion to Drop Parties and Sever Claims Against Them (doc. #182 and attach. 1), filed September 28, 2010; see also Correction and Addendum (doc. #186, filed October 1, 2010). This motion was needed

to clarify not only the status of Defendant Dr. James Smyth, named in Claim 2, but also that of Defendant Richard Furey also named in that claim;

      d.     research and preparation of a Reply Brief to Plaintiff's Opposition to Motion for Reconsideration, submitted October 12, 2010, with a motion for leave to file oversize brief (doc. #188 and attachment 1);

      e.     preparation of an amended answer to the amended complaint, filed October 12, 2010 (doc. #189). This document was needed to correct errors and omissions in the original answer, to revise responses as to Claim 2, and to modify, supplement and clarify affirmative defenses. The amended answer was 62 pages;

      f.     completion of one of Defendants' motions for summary judgment, *supra*, which was for Defendants Warden Peter Murphy and Correction Officer Matthew Stolfi sued in Claim 4 of the amended complaint;

      1) Defendants filed this motion on November 18, 2010. It included a 40 page memorandum of law, five exhibits, in addition to exhibits annexed to two of the affidavits, seven affidavits, and a Local Rule 56(a)1 Statement; please see docs. ## 206, 207, 208, 210 and 209;[1]

      2) preparation of this motion for summary judgment involved, among other things, legal research relating to the validity of the correctional policies challenged, which required substantial time, as well as legal research relating to summary judgment standards and qualified immunity; interviewing and other work related to the affidavits also required substantial time;

---

[1] Although notice of manual filing of the affidavits was filed on November 22, 2010 (doc. #209) with a new disk, the original affidavits were filed on November 18, 2010 with the summary judgment motion, doc. # 207.

g.    preparation and  filing of a corrected affidavit for Officer Stolfi on November 30, 2010 (doc. #212);

h.    preparation and filing of an Amended Statement of Material Facts filed December 6, 2010 (doc. #213), for the summary judgment motion filed November 18, 2010 (doc. # 207);

i.    legal research for preparation of a memorandum in opposition to Plaintiff's motions to strike an affirmative defense (¶4) in the answer as well as the amended answer and objection to the amended answer (docs. ## 196, 197 and 198); this research included criteria for a motion to strike as well as legal elements for Plaintiff's deliberate indifference claims that are relevant to the affirmative defense which Plaintiff sought to strike;

1)  preparation also included consultations with treating physicians for medical issues relating to the motion to strike the affirmative defense;

2)  Plaintiff's motion to strike affirmative defense ¶4 (docs. #196 at 1, *supra*) also sought, if his motion to strike this defense was denied, to amend his amended complaint further by asserting an additional claim or claims; accordingly, preparation of this memorandum in opposition also required substantial time for legal research as to the criteria for allowing supplemental amendments or pleadings under FED. R. CIV. P. 15(d);

j.    based on this research, drafting of a memorandum in opposition to Plaintiff's motions to strike and objection to the amended answer (docs. ## 196, 197 and 198), which Defendants filed on December 30, 2010 (doc. #222);

k.      research, drafting and editing a memorandum in opposition to Plaintiff's

additional objection and motion to strike not only the amended answer, but

also other submissions of Defendants (doc. #221, which Plaintiff filed Dec.

28, 2010) ; Defendants filed their response on January 18, 2011 (doc.

#226);[2]

l.      work in connection with Dr. Silvis's affidavit for his summary judgment

motion as to amended complaint, Claim 1, which is also continuing, including:

1)      review of Dr. Silvis's draft affidavit;  adding required responses; efforts

to consolidate it and, wherever possible, to condense it and reduce its size; thus

far it has been reduced from about 123 to about 74 pages and from about 42,

822[3]  words to about 26,261 words; a draft has now been sent to Dr. Silvis for

his review and revisions;

2)      time has also been required to respond not only to the amended complaint

(doc. #63), which covers medical issues of over four  years, in addition to

previous years as to the issue of pre-existing condition, but also to Plaintiff's

summary judgment memorandum, affidavit and exhibits (doc. #114); although

the Court denied his summary judgment motion without prejudice for failure to

file a Local 56(a)1 Statement (Ruling, doc. # 175 at 2-3), these materials remain

in the record and are extensive (totaling about 120 pages, including some texts

---

[2] Although the docket report indicates that Defendants' doc. #226 was in response to Plaintiff's
motion and memorandum in opposition docs. ## 198 and 189, it appears that this document
actually was in response to Plaintiff's objection and motion to strike, doc. #221. We have
previously notified the Clerk's office of this.
[3] The difference between the 42,822 original total word count above and that indicated in some
of the prior motions is because the present figures, unlike some of the prior ones, include
footnotes and endnotes.

with double pages per copy); relevant portions should be addressed as a practical matter to dispose of all of Plaintiff's claims and to provide the Court a response that is accurate and complete;

3)     work has also been required to check Dr. Silvis's draft affidavit  against Plaintiff's clinical records, physician's orders, laboratory and x-ray reports, laboratory reports, medication administration records, various correspondence, medical sources including professional literature, other documents and records, as well as the amended complaint and Plaintiff' summary judgment submissions and also to consult with Defendant Dr. Silvis and on occasion with other University of Connecticut Health Center physicians;

m.     interview of another Dept. of Corrections staff member regarding Plaintiff, related to medical claims in Claim 1 of the amended complaint, in preparation for one or more additional summary judgment motions;

p.     additional legal research, the amount of which has varied, including that relating to the following issues:

1) Plaintiff's remaining claims as to his finger injury (see amended compl., doc. #63, Cl. 1, ¶¶ 22-24);

2) exhaustion of administrative remedies required under the Prison Litigation Reform Act, 42 U.S.C. §1997e(a);

3) summary judgment requirements, including review of the 2010 changes to FED. R. CIV. P. 56 (effective Dec. 1, 2010) providing for summary judgment;

4) procedural and substantive requirements for a claim involving medical care under the Eighth Amendment; this has included, although has not necessary

been limited to, the issue of serious medical condition under the Eighth Amendment, lack

of responsibility for non-medical personnel such as Defendant Richard Furey, and

deliberate indifference in general and as applied to this case;

5) Plaintiff's claim of acid reflux (see amended complaint, Cl. 1,

¶¶ 25-42);

6) qualified, good faith immunity.

q.  identifying and locating inmate requests and grievances relating to allegations

of inadequate treatment made against Defendant Dr. Silvis in Claim 1 of the amended

complaint and exhaustion of remedies and related issues; review of other health services

documents and records and communications regarding medical issues;

r. medical research relating to Plaintiff's claims;

s. work to conduct research relating to Plaintiff's motion to stay summary

judgment as to Claim 4 and motion to conduct additional discovery (doc. #231) filed Jan.

18, 2011;

t. based on this research, work required to draft and finalize a memorandum in

opposition to Plaintiff's motion to stay summary judgment as to Claim 4 and motion to

conduct additional discovery (doc. #231); Defendants filed their memorandum in

opposition to this motion on April 11, 2011 (doc. # 251), which included an affidavit with

exhibits and additional exhibits;

u. work required in connection with one or more additional affidavits together

with records in support of Defendants' memorandum in opposition (doc. #251) to

Plaintiff's motions to stay summary judgment as to Claim 4 and to conduct additional

discovery (doc. #231), including consultations with various Dept. of Correction staff and

review of records; this required substantial time and effort. Defendants filed that memorandum on May 2, 2011 (doc. #261);

v .   submission of a response to Plaintiff's objection to a motion for extension of time (doc. #257, filed May 2, 2011);

w.   preparation and submission of a response to additional attachments to motion to file a supplemental complaint (doc. #244) and motion to file a supplemental pleading (doc. #247), filed June 17, 2011 (doc. #273);

x.   completion of a memorandum in opposition to Plaintiff's motions for stay, to file a supplemental complaint, and for additional discovery re Claim 1 (Pl. docs. ## 239, 240), submitted August 22, 2011with a motion for leave to file oversize brief (doc. #283, Attachments ##1-5); motion to file oversize brief granted August 31, 2011 doc. #289;

y.   preparation of a motion for leave to correct Defendants' memorandum (doc. # 251) in to Plaintiff to Stay Summary Judgment as to Claim 4, etc. , filed August 24, 2011;

z.   submission of unreported decisions in support of Defendants' memorandum in opposition to Plaintiff's motions for stay, etc., (Pl. docs. ##239, 240), filed August 25, 2011, doc. #285;

aa.   preparation of a reply in opposition to Plaintiff's Objection to Defendants' motion for extension of time, Def. doc. #293, filed September 7, 2011;

bb.   preparation of a memorandum in support of a motion for reconsideration regarding the Ruling on Pending Motions (court doc. #287, August 30, 2011), filed September 13, 2011 (doc. #297);

cc.    preliminary research as to Plaintiff's motion for appointment of counsel, doc. #296, filed September 6, 2011;

dd.    obtaining and reviewing Department of Correction [DOC] and University of Connecticut Health Center [UCHC] policies and instructions regarding exhaustion of administrative remedies;

ee.    consultation with DOC and UCHC officials regarding exhaustion of administrative remedies and completion of a draft affidavit based on interviews, which has been sent to that official for review.

This list is not necessarily all-inclusive.  Please see also ¶6, *infra*, for further discussion as to work done during various extension periods.

3.    Defendants are unable to file these summary judgment motions within the time set by the present deadline for the following reasons:

Preparation of the remaining summary judgment motions is expected to be time-consuming for the following reasons.

a.    Work required for the summary judgment motion for Dr. Silvis for the amended complaint, Claim 1 includes the following:

1)    completing work for an affidavit by Dr. Silvis, which has been time-consuming, because of the number of detailed allegations in Claim 1 and Plaintiff's summary judgment submissions (doc. #114),  medical issues involving several years, efforts to continue to check and condense it, and Dr. Silvis's further review of that affidavit; please see further discussion, ¶2. 1), *supra*;

2)    organizing and submitting a number of medical records and other documents which Dr. Silvis is expected to cite; these are extensive;

3)    preparation of about three affidavits needed for submission of Commissary records showing Plaintiff's purchase of spicy and other contraindicated foods, together with the submission of these relevant records; one of these affidavits may also include summaries of these records;

4)    preparation of one or two affidavits as to the Correctional Institution diet, to respond to some of Plaintiff's allegations;

5)    preparation of three affidavits[4] as to failure to exhaust administrative remedies;

6)    preparation of any other additional affidavits that may be required, including as to Plaintiff's physical activities;

7)    any additional legal research that is required, and, where necessary, any additional medical research;

8)    preparation of a memorandum of law;

9)    preparation of a Local Rule 56(a)1 statement.

The work that has been done thus far for Defendant Silvis's summary judgment motion has included:

1)    extensive interviews of Dr. Silvis; preparation of a lengthy, rough draft affidavit, and efforts to check and condense it; a draft has now been completed and sent to Dr. Silvis for his review and revisions; please see ¶¶2. 1, *supra* and 7, *infra*), *supra*, for further discussion;

---

[4] Three affidavits would be required because two Health Services Administrators served at MacDougall Correctional Institution during the relevant periods, and an additional policy regarding exhaustion was issued not by the Department of Correction but by the University of Connecticut Health Center.

2)      completion and execution of another medical affidavit, with relevant medical records attached;

3)      review of relevant medical records, which are extensive;

4)      review of relevant commissary records;

5)      interviews of persons from whom affidavits will be sought regarding these commissary records;

6)      interviews of personnel concerning dietary issues, for purpose of preparing affidavits;

7)      interviews of officials concerning failure to exhaust administrative remedies for purpose of preparing affidavits; review of grievances filed;   a draft of one of these affidavits, based on interviews, has been completed and sent to  the affiant for review (*see* ¶¶ 2. ee., *supra* and 6, *infra*);

8)      legal and medical research, some of which has been referred to in ¶ 2. p., *supra*.

b.      work required for the summary judgment motions for the four URC Defendants, in addition to a memorandum of law and Local Rule 56(a) statement, includes:

1)      preparation of at least one affidavit on behalf of the URC Defendants;

2)      organization and submission of relevant records;

3)      preparation of one or more affidavits to address relevant issues as to failure to exhaust administrative remedies.

11

Work that has been done thus far for the URC Defendants' summary judgment motion has included:

1)   review of relevant medical records;

2)   basic legal research.

3)   interview of a URC member for the purpose of an affidavit on behalf of the URC Defendants;

4)   interview and other work relating to exhaustion of administrative remedies issues relating to claims against the URC Defendants, and review of a relevant document.

c.   Work required for the summary judgment motions for Defendant Richard Furey, in addition to a memorandum of law and Local Rule 56(a) statement, includes:

1)   preparation of an affidavit for Richard Furey;

2)   submission of any relevant records or other documents;

3)   any additional necessary legal research.

Work that has been done thus far for the Defendant Richard Furey's summary judgment motion has included:

1)   interviews with Richard Furey for the purpose of preparing an affidavit;

2)   review of relevant documents;

3)   basic research as to grievance procedure;

4)   basic legal research.

4.   For all reasons set forth in this motion including but not limited to ¶¶ 2 *supra* and 6 *infra*, it is respectfully submitted that the existing deadline cannot reasonably be met despite Defendants' diligence.

5.   <u>Defendants' Plan</u>.  Total time required to complete and submit the remaining summary judgment motions will more than likely take more than the approximately thirty days requested.  However, Defendants will make their best efforts to accomplish as much required work as possible during the period requested.

Because the issues in the summary judgment motions for the URC Defendants and Defendant Richard Furey are anticipated to be related to the issues for Dr. Silvis's summary judgment motion, Defendants at this time plan to submit Dr. Timothy Silvis's summary judgment motion next, which is expected to take the most time.

Defendants at this time plan to submit the summary judgment motions for Defendant Richard Furey and the URC Defendants following the submission of Dr. Timothy Silvis's summary judgment motion.   Defendant Silvis's summary judgment motion is expected to provide the context for the latter two motions which may assist the Court.

By submitting these summary judgment motions as each is finalized, the Court can consider them and Plaintiff can respond to them as each is submitted, instead of having to wait until all are completed.

6.  Eleven previous extensions of approximately thirty days each for the present deadline have been requested and granted.

During the original time limit, Defendants among other things prepared and filed an answer, amended answer, and motion to construe Plaintiff's motion for voluntary withdrawal as also a motion to amend or drop parties and severe claims (docs. ##181, 182, and 189), as discussed in ¶¶2. a) through 2. e), *supra*.

During the first extension requested, Defendants among other things did most of the work for the summary judgment motion filed on behalf of Warden Murphy and Officer Stolfi, as described in ¶2. f), *supra*.

During the second extension requested Defendants among other things completed and filed that summary judgment motion (docs. ## 207-210), did substantial work in preparing a memorandum in opposition to Plaintiff's first objection and motions to strike documents (docs. #196-98), and did other work, including factual and legal research in preparation of their remaining summary judgment motions. *See* ¶¶2. f) through i), *supra*.

During the third extension requested, Defendants among other things completed and filed their memorandum in opposition to Plaintiff's first objection and motion to strike documents (doc. # 222, responding to docs. #196-98)(please see ¶¶ 2. i) and 2. j), *supra*), researched, prepared and filed a memorandum in opposition to Plaintiff's additional motion to strike and objection to documents (doc. #226, responding to doc. #221) (please see ¶2. k), *supra*), *supra*), worked on consolidating and editing Dr. Silvis's affidavit, and interviewed another Dept. of Correction staff member for an affidavit.

During the fourth extension requested, Defendants among other things conducted preliminary research regarding Plaintiff's motion to stay summary judgment as to Claim 4 and motion to conduct additional discovery (doc. #231) and continued to work on consolidating, checking and condensing Dr. Silvis's affidavit. Please see ¶¶ 2. l) and 2. s), *supra*, as to both tasks.

During the fifth extension requested, Defendants among other things continued to work on consolidating, checking and condensing Dr. Silvis's affidavit, to reduce his affidavit during this period by over 3,500 additional words.

During this period defense counsel also focused largely on Plaintiff's motion to stay summary judgment as to Claim 4 and motion to conduct additional discovery (doc. #231) to avoid unnecessary delay in the disposition of that summary judgment motion (docs. ##207-209). During this period defense counsel among other things completed most of the research for a memorandum in opposition to Plaintiff's motions (Pl. doc. #231), finalized an affidavit with exhibits in support of that memorandum in opposition, reviewed other relevant documents and consulted with Dept. of Correction staff.

In addition, during this fifth period defense counsel did preliminary work in connection with Plaintiff's motions to file supplemental complaint and to conduct additional discovery as to Claim 1 (docs. ##239, 240) filed Feb. 18, 2011, which among other things included preliminary review of Plaintiff's submissions, legal consultation and review of various relevant medical sources.

During the sixth extension requested, defense counsel completed preparing and drafting a memorandum in opposition to Plaintiff's motions to stay summary judgment as to Claim 4 and to conduct additional discovery (doc. #231), and filed that memorandum on April 11, 2011 (doc. #251), consisting of 38 pages of text, with an affidavit and additional exhibits.

Defense counsel also reviewed additional records and did work in connection with one or more affidavits to be submitted in support of that motion, which were to be filed.

In addition, defense counsel continued to work on consolidating, checking and condensing Dr. Silvis's affidavit, to reduce his affidavit during this period by about 1,600 additional words.

Defense counsel during this sixth period also conducted additional, preliminary research for a memorandum in opposition to Plaintiff's motions to file supplemental complaint and to conduct additional discovery (docs. ##239, 240).

During the seventh period requested, Defendants completed preparing and drafting a submission of affidavits with attachments in support of their memorandum in opposition (doc. # 251) to Plaintiff's motions to stay Claim 4 and to conduct additional discovery (doc. #231). This required extensive time in reviewing relevant Department of Correction (DOC) incident reports of attempts to mail contraband, including drugs and potential weapons including needles and a drill bit to inmates, discussions with DOC staff regarding locating, organizing presenting and redacting these reports for security and safety; work in connection with two affidavits based on interviews with DOC staff relating to these reports; reviewing redactions in these reports; and preparing a memorandum summarizing and submitting these reports. This submission, filed May 2, 2011 (doc. #261), was related to Defendants' motion for summary judgment for Claim 4, filed Nov. 18, 2010 (docs. #207-209).

In addition, defense counsel continued to work on consolidating, checking and condensing Dr. Silvis's affidavit, to reduce his affidavit during this period by over 1,600 additional words.   This process was time-consuming, in view of the need to check cross references to other portions of the affidavit as well as medical records, and also because of the number of allegation Plaintiff has made not only in his amended complaint but also elsewhere in his summary judgment submission (doc. #114).

During this seventh period defense counsel also did substantial work in connection with Plaintiff's motions to file a supplemental complaint and to conduct additional discovery as to

Claim 1 (docs. ## 239, 240), which among other things included legal research, including issues of timeliness and undue prejudice and medical research, including laboratory issues.

Work done for this purpose also included finalization of an affidavit in support of the memorandum in opposition; preparation of an additional affidavit based on interview with a professional involved in health care; with the exception of one point as to background; work on preparing another affidavit from another health care related professional, based on discussions and review of materials; and related work and research.

During this seventh period Defense counsel also conducted preliminary review of Plaintiff's motion to file supplemental pleading in addition to motion to conduct additional discovery (doc. #247), including attachments, and consulted DOC staff regarding Plaintiff's claims. Defendants also prepared a preliminary report to the Court regarding Plaintiff's request for health records which is the subject of Plaintiff's motion, including developments which might possibly obviate the need to adjudicate the merits of that motion.

During the eighth period requested, in addition to completing a preliminary report regarding Plaintiff's motion to file supplemental pleading, etc. (doc. # 247, including attach. 1), which Defendants filed on May 20, 2011 (doc. # 268), defense counsel continued to spend substantial time conducting research for a memorandum in opposition to Plaintiff's motions for leave to file supplemental complaint and to conduct additional discovery (docs. ## 239, 240) which included but was not limited to review and analysis of Plaintiff's submissions which exceeded 50 pages, substantial legal research, including but not limited to cases cited by Plaintiff, at least one medical consultation, basic medical research of specific issues raised by Plaintiff, review of relevant portions of Plaintiff's clinical records, physician's orders, laboratory reports and other portions of his medical records;

Work that was done for this memorandum in opposition also included, in addition to execution of one affidavit, completion of two additional draft affidavits based on interviews with professionals involved in health care; work for these latter two affidavits included medically related research.

Work during this period also included an additional medical consultation regarding Plaintiff's allegations of reflux made in Claim 1 of the amended complaint.

In addition, during this period work was also required to be done for other litigation pending in Superior Court involving a suit against a Connecticut Probate Judge (*Tucker v. Greene*, No. KNL-CV11-5014202-S ) including but not limited to preliminary review of a complaint, discovery requests, a motion for prejudgment remedy, preliminary research regarding sufficiency of allegations in the complaint and consultations with the Defendant.

Defense counsel was also out on leave for six days during this period.

Defense counsel during this period also further reduced Dr. Silvis's affidavit in support of summary judgment, as stated previously by over 1000 words, to 26,514 words.

During this period defense counsel also prepared and filed a Response to Plaintiff's Additional Attachment to Motion to File Supplemental Complaint (doc. #244) and Motion to File Supplemental Pleading, etc., including the proposed supplemental pleading itself (doc. #247, including attachment 1).  That response also included, based on consultations with University of Connecticut Health Center staff assigned to MacDougall-Walker Correctional Institute, an 11 page affidavit.  This response, doc. #273, including the affidavit, was filed June 17, 2011, in advance of the extended deadline of June 22, 2011.

During the ninth period requested, defense counsel completed most of the research for a memorandum in opposition to Plaintiff's motion for stay, to file a supplemental complaint and

for additional discovery (docs. ##239, Attachments ##1 and 2, and 240).  In addition, defense

counsel drafted a substantial portion of that memorandum, including the sections of prejudice,

undue delay, and part of the section dealing with futility of amendment, consisting of a total of

about 35 pages in draft form.    In addition, the two affidavits from health care professionals in

support of that memorandum were reviewed by the affiants and executed.

      Defense counsel during this period also further reduced and edited the draft of Dr.

Silvis's affidavit in support of summary judgment.  Defense counsel also did additional legal

research in preparation for a memorandum in support of summary judgment.

      In addition, during this period additional work was also required to be done for the case

in Superior Court, *supra*, involving a suit against a Connecticut Probate Judge including but not

limited to discovery responses and further legal research.  That case has since been removed to

U.S. District Court. *Tucker v. Greene*, No. 3:11 cv1104 (CFD).  Defense counsel in the present

case (*Sadler*), who is also a defense counsel in the *Tucker* case, *supra*, researched the basis for

filing a motion for remand.

      During the tenth period requested, defense counsel prepared and filed a motion to dismiss

the case in Superior Court against a Probate Judge. That motion was filed July 27, 2011 to meet

filing deadlines (*Tucker v. Greene*, No. KNL-CV11-5014202-S).  It is true that the Plaintiff in

that case had removed it to U.S. District Court (*see supra,* referring to *Tucker v. Greene*, No.

3:11-cv-1104 (CFD)).  However, defense counsel filed a motion to remand on July 20, 2011

with a brief memorandum (doc. # 18, Attach. 1).  Although that motion has not yet been acted

on, defense counsel filed the motion to dismiss in Superior Court, *supra*, to avoid any possible

waiver in view of the requirement in CONN. PRACTICE BOOK §10-30 that a motion to dismiss in

State court be filed within 30 days of filing an appearance.

Defense counsel also recently prepared objections to Plaintiff's motion to compel discovery responses on August 16, 2011 in *Tucker v. Greene*, No. 3:11-cv-1104 (CFD.

In the present case defense counsel also completed a draft memorandum in opposition to Plaintiff's motions for stay, for leave to file a supplemental complaint, and for additional discovery (docs. ##239, 240) which, primarily because of the number of Plaintiff's claims and the length of his submissions including attachments, was at the time 68 pages. Work required in connection with this memorandum in opposition included several additional medical consultations, additional medical research, review of Plaintiff's cases, additional legal research including research relating to Plaintiff's motion to conduct additional discovery, organization of a number of the exhibits to be filed with this memorandum, obtaining relevant medical records also to be filed with this memorandum, and preparation of an affidavit from the Health Services Administrator authenticating these records.

During the eleventh period requested, Defendants

    a)    completed a draft of Dr. Silvis's affidavit and, including work done in prior extension periods, reduced it from its original length of about 123 pages to about 74 pages; that affidavit has been sent to Dr. Silvis, who is in the process of reviewing and revising it;

    b)    completed a 66 page memorandum with three affidavits (see supra) and over 10 exhibits in opposition to Plaintiff's motions for stay, to file a supplemental complaint, and for additional discovery re Claim 1 (Pl. docs. ## 239, 240), submitted August 22, 2011 with a motion for leave to file oversize brief (doc. #283, Attachments ##1-5); the motion to file oversize brief was granted August 31, 2011, doc. #289;

c)      submitted unreported decisions in support of Defendants'
        memorandum in opposition to Plaintiff's motions for stay, etc., (Pl. docs.
        ##239, 240), filed August 25, 2011, doc. #285;

d)      prepared a reply in opposition to Plaintiff's Objection to Defendants'
        motion for extension of time, Def. doc. #293, filed September 7, 2011;

e)      prepared and filed a motion for reconsideration regarding the Ruling on
        Pending Motions (court doc. #287, August 30, 2011), filed September
        13, 2011 (doc. #297);

f)      consulted with a health care professional to explain Plaintiff's more
        recent medical records and medical condition;

g)      conducted preliminary research as to Plaintiff's motion for appointment
        of counsel, doc. #296, filed September 6, 2011;

h)      conducted additional research regarding exhaustion of administrative
        remedies;

i)      obtained and reviewed Department of Correction [DOC] and University
        of Connecticut Health Center [UCHC] policies and requirements
        regarding exhaustion of administrative remedies;

j)      consulted with DOC and UCHC officials regarding exhaustion of
        administrative remedies;

k)      drafted preliminary outline for affidavit for DOC official regarding
        exhaustion of administrative remedies;

l)        prepared draft affidavit for a UCHC official regarding exhaustion of

administrative remedies and consulted with her regarding that draft; that

draft affidavit has been  sent to her for her review;

This list of work in this case is not necessarily all-inclusive.  Please see

paragraph 2, *supra.*

8.  Defendants have not inquired of the Plaintiff pro se to ascertain his position on this

motion because he is incarcerated.

9.  It is therefore respectfully requested that this motion for an extension of time be

granted until October 19, 2011 in which to file additional summary judgment motions, so that

defense counsel can provide professional representation for Defendants as required and also to

assist the Court in the proper and just disposition of this case.

Respectfully submitted,

DEFENDANTS WARDEN PETER
MURPHY, CORRECTION OFFICER
MATTHEW STOLFI, RICHARD FUREY,
DOCTOR TIMOTHY SILVIS,
COMMISSIONER OF CORRECTION
THERESA C. LANTZ, DOCTOR JAMES
SMYTH, DOCTOR SYED NAQVI,
DOCTOR RICARDO RUIZ, DOCTOR
MARK BUCHANAN, AND DOCTOR
MONICA FAIRINELLA

GEORGE JEPSEN
ATTORNEY GENERAL

BY:    _____
Daniel R. Schaefer
Assistant Attorney General
Federal Bar No. ct05562
55 Elm Street
P.O. Box 120
Hartford, CT  06141-0120
Tel: (860) 808-5020
Fax: (860) 808-5347
Daniel.Schaefer@ct.gov

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of

the Federal Rules of Civil Procedure on this 16th day of September, 2011 to:

> Gary Neal Sadler #236395, Plaintiff Pro Se
> MacDougall-Walker Correctional Institution
> 1153 East Street South
> Suffield, Conn. 06080

Daniel R. Schaefer
Assistant Attorney General